UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JUAN MARIN, an individual,

     Plaintiff,

vs.

USA WIRELESS INC.,
a Florida Corporation,

     Defendant.
_____/

## **COMPLAINT**

1.     Plaintiff, JUAN MARIN (hereinafter referred to as "Plaintiff" and "MARIN"), was an employee of Defendant, USA WIRELESS INC., a Florida Corporation, and brings this action for disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA"), and the Florida Civil Rights Act, F.S. §760.01 *et seq.*, as well as for alleged interference and retaliation violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq.*

2.     MARIN is an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.     Defendant, USA WIRELESS INC. (hereinafter referred to as "Defendant" and "USA WIRELESS INC."), has at all times material to this Complaint owned and managed a cellular telephone sales business with multiple locations in Miami-Dade County, Florida, within the jurisdiction of this Court.

4.      Jurisdiction is confered on this Court by 28 U.S.C. §1331, §1332, §1337 and §1367, 42 U.S.C. §12101 *et seq.*, and 29 U.S.C. §2601 *et seq.*

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6.      At all times material to the action, USA WIRELESS INC. was a business engaged in interstate commerce and had Fifty (50) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

7.      In approximately March 2017, MARIN began working for USA WIRELESS INC. as a Salesperson until Plaintiff was subsequently promoted as a Manager in USA WIRELESS INC.'s AT&T Wireless store(s).

8.      At all times material to this action between approximately November 2018 and February 2021, MARIN was an individual with one or more chronic medical (physiological) conditions, namely Ulcerative Colitis (UC), an inflammatory bowel disease, which, is a permanent condition that caused, *inter alia*, inflammation and disease in Plaintiff's colon and digestive tract.

9.      At all times material to this action between approximately November 2018 and February 2021, MARIN suffered from a "physical impairment" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of MARIN's Ulcerative Colitis and resulting medical issues, including but not limited to, Plaintiff suffering from one or more physiological disorders or conditions affecting one or more of MARIN's major bodily functions, including but not limited to Plaintiff's digestive, gastroenterological, and bowel functions and the functioning of Plaintiff's colon and intestine.

10.     Between approximately November 2018 and February 2021, MARIN successfully carried out his essential job duties as a Manager for USA WIRELESS INC., with both customers and the company regularly lauding MARIN's exemplary job performance.

11.     During the calendar year 2019, USA WIRELESS INC. paid MARIN gross wages of $51,150.00 between a base salary of $31,000.00 plus more than $20,000.00 in commissions.

12.     During the calendar year 2020, USA WIRELESS INC. paid MARIN gross wages of $53,223.00 between a base salary of $31,000.00 plus more than $22,000.00 in commissions.

13.     Between approximately November 2018 and February 2021, MARIN received ongoing medical treatment for Plaintiff's Ulcerative Colitis disease in a Gastroenterology program at Jackson Hospital in Miami, Florida, as part of which numerous prescription medications were utilized by Plaintiff's doctors to try and manage Plaintiff's Ulcerative Colitis.

14.     Every month between approximately November 2018 and January 2021 throughout the course of MARIN's employment with USA WIRELESS, INC., Plaintiff had to undergo medical check-ups with his doctor for Plaintiff's Ulcerative Colitis treatments, as a result of which Plaintiff had to request permission from USA WIRELESS INC. to be absent from work for a few hours on some Fridays of the month because Plaintiff had to both review laboratory results with his doctor and for a period of time between approximately January 2020 and October 2020, MARIN also received infusions of a prescription medication, Remicade, to treat Plaintiff's Ulcerative Colitis.

15.     However, despite USA WIRELESS INC.'s management having knowledge between approximately November 2018 and January 2021 of the facts and circumstances of MARIN's Ulcerative Colitis and the need for Plaintiff's leave from his employment with Defendant to obtain medical treatment for Plaintiff's disability/handicap and serious health

condition(s), Defendant failed to provide MARIN with notice of his rights under the FMLA—
while Defendant repeatedly failed to comply with Defendant's obligations as an employer on the
FMLA with respect to Plaintiff's entitlement to intermittent and/or other medical leave under the
FMLA for Plaintiff's serious health condition—and USA WIRELESS INC. also failed to engage
in any interactive process required by the ADA and FCRA regarding accommodations for
Plaintiff's disability/handicap.

16.     Because Remicade ultimately did not work in controlling/managing MARIN's
Ulcerative Colitis and the medication caused reactions in Plaintiff's body, MARIN changed his
regularly scheduled day off from Tuesday to Friday in order to try and serve USA WIRELESS
INC.'s business needs in the AT&T Wireless Pinecrest store where MARIN worked as the
Manager of Defendant's Pinecrest store.

17.     However, USA WIRELESS INC.'s District Manager, Ricardo Mario Florez, did
not like that MARIN needed to regularly ask for time off from work between approximately
November 2018 and January 2021 for the medical treatments for Plaintiff's disability/handicap
and it created more stress during MARIN's doctors' appointments because Florez frequently
harassed MARIN  because of his disability/handicap, including Florez: (i) often calling MARIN
(repeatedly) during Plaintiff's doctor appointments; (ii) frequently asking why MARIN had not
yet arrived at the Pinecrest store; (iii) routinely yelling at MARIN for not being at work—which
harassment and violations of MARIN's rights Plaintiff expressly objected to and told Florez was
inappropriate and offensive.

18.     Significantly, Florez's continued harassment of MARIN between approximately
November 2018 and January 2021 because of Plaintiff's disability/handicap and need to take time
off work to obtain treatment for Plaintiff's serious health condition got so bad that MARIN's

Gastroenterologist at Jackson Hospital, Dr. Pamela Leone, ultimately provided Florez directly with an explanation of the severity and seriousness of MARIN's Ulcerative Colitis disease and to document why MARIN had to be so regularly checked by a doctor.

19.    Likewise, because it was MARIN's perception that Florez had never believed Plaintiff had a serious disease, MARIN tried to change his rest days when Plaintiff had doctors' appointments in or around January 2020 in an effort to alleviate the stress MARIN was experiencing because more stress exacerbated Plaintiff's Ulcerative Colitis and resulting medical condition and put MARIN at risk for hospitalization.

20.    Ultimately, because prescription medications were unsuccessful at controlling MARIN's Ulcerative Colitis and Plaintiff was experiencing serious medical problems because of his disease, in early January 2021, MARIN underwent surgery to remove his colon and was absent for several weeks from work for USA WIRELESS INC.

21.    More specifically, between approximately January 7-28, 2021, MARIN was out of work because of surgery for Plaintiff's disability/handicap and serious health condition.  In this regard after the surgery to remove MARIN's colon in early January 2021, Plaintiff had to await two (2) additional surgeries that were needed to close MARIN's temporary ileostomy, an opening from a surgical operation in which a piece of MARIN's ileum (the final and longest segment of the small intestine) was diverted to an artificial opening in the abdominal wall.

22.    Overall, during MARIN's employment with USA WIRELESS INC. between approximately September 2018 and January 2021, MARIN was hospitalized on a total of three (3) separation occasions, two (2) of which were between approximately September 2018 and December 2019 due to recurrences of Plaintiff's Ulcerative Colitis and debilitating effects of the disease and the last of which was for MARIN's emergency surgery in January 2021.

23.     However, again despite USA WIRELESS INC.'s management having knowledge of the facts and circumstances of MARIN's Ulcerative Colitis and the reasons for Plaintiff's leave from his employment with Defendant in January 2021 to obtain life-saving medical treatment for Plaintiff's disability/handicap and serious health condition, USA WIRELESS INC. never provided MARIN with notice of his rights under the FMLA, Defendant failed to comply with its obligations as an employer on the FMLA with respect to Plaintiff's entitlement to intermittent and other medical leave under the FMLA for Plaintiff's serious health condition, and Defendant never engaged in any interactive process required by the ADA and FCRA regarding providing accommodations to MARIN for Plaintiff's disability/handicap.

24.     In late January 2021 when MARIN returned to work at USA WIRELESS INC. following surgery, MARIN called Florez and Florez advised MARIN that USA WIRELESS INC. would no longer allow Plaintiff to continue to serve as a Manager because Florez believed MARIN "was not suitable" to handle the responsibility of being the Manager of the Pinecrest store despite the fact that MARIN had satisfactorily performed his essential duties as Manager of the Pinecrest store for two (2) years.

25.     Moreover, Florez expressly told MARIN in January 2021 that Florez wondered if the bag that covered MARIN's stoma—a stoma is an opening in MARIN's belly wall that his surgeon made in order for waste to leave Plaintiff's body because he could not have a bowel movement through his rectum—because of Plaintiff's disability/handicap was visible to USA WIRELESS INC.'s customers.

26.     Instead, Florez told MARIN in January 2021 that USA WIRELESS INC. would only consider allowing MARIN to resume working in a role that entailed substantially lower earnings from the terms and compensation of MARIN's employment as a Manager, in response to

which MARIN expressly objected to Florez's discrimination against MARIN because of Plaintiff's disability/handicap.

27.     In late January 2021, MARIN also called USA WIRELESS INC.'s General Manager, Mike Awada, to complain about what MARIN believed was disability discrimination against Plaintiff.  However, Awada informed me that he was already fully aware of all of the action USA WIRELESS INC. was taking against MARIN.

28.     On or around February 2, 2021, a meeting was held between USA WIRELESS INC.'s owner, Aous Uweyda, Florez, Samir Mabjish, a Manager from another one of USA WIRELESS INC.'s districts, and MARIN to discuss a lower paying position Defendant wanted MARIN to agree to.

29.     However, after MARIN again objected to and complained to USA WIRELESS INC.'s management on February 2, 2021 about what MARIN believed was discrimination against Plaintiff because of his disability, Uweyda became frustrated and angry during this meeting, with Uweyda going so far as threatening to immediately terminate MARIN's employment on the stop in retaliation for MARIN exercising is rights to be free from disability discrimination.

30.     On February 15, 2021, MARIN learned USA WIRELESS INC. terminated Plaintiff's employment and Defendant notified company-wide personnel that MARIN had been terminated.

31.     Finally, USA WIRELESS INC. failed to pay MARIN earned commissions of approximately $2,300.00 for completed sales in Defendant's Pinecrest store from the month of December 2020 when MARIN pushed himself to work for Defendant despite the debilitating effects of Plaintiff's deteriorating health condition which ultimately led to MARIN being hospitalized in early January 2021.

32.     The reasons proffered and relied upon by USA WIRELESS INC. in February 2021 for terminating MARIN's employment were false and known to be false by Defendant at the time of Plaintiff's termination and instead were a pretext for unlawful disparate treatment and disability/handicap discrimination and retaliation against MARIN in violation of the ADA, FCRA, and FMLA.

**EXHAUSTION OF ADMINISTRATVIE REMEDIES**

33.     On April 8, 2021, MARIN dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR) Charge No. 510-2018-03367 alleging that he had been subjected to disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act and the Florida Civil Rights Act.  A copy of MARIN's Charge of Discrimination is attached hereto as Exhibit A.

34.     On November 8, 2021, the EEOC issued a Dismissal and Notice of Suit Rights to MARIN in connection with Charge No. 510-2021-03512, a copy of which Notice is attached hereto as Exhibit B.

35.     As of January 22, 2022, more than One Hundred and Eighty (180) days have passed since the filing of MARIN's Charge of Discrimination on April 8, 2021 and the FCHR did not issue any determination concerning MARIN's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," MARIN has exhausted all administrative remedies under Florida as well as Federal law.

36.     MARIN's Complaint is being filed with the Court on January 22, 2022 within Ninety (90) days of MARIN's receipt of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2021-03512.

37.     All conditions precedent to the institution of this action have either occurred or been waived.

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

Plaintiff, JUAN MARIN, reasserts and reaffirms the allegations of Paragraphs 1 through 37 as if fully set forth herein and further states that this is an action against USA WIRELESS INC., for disparate treatment and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

38.     The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

39.     At all times material to this action, MARIN was an "employee" of USA WIRELESS INC. within the meaning of the ADAAA, 42 U.S.C. §12111(4).

40.     At all times material to this action, USA WIRELESS INC. was an "employer" of MARIN within the meaning of the ADAAA, 42 U.S.C. §12111(5), because Defendant was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

41.     At all times material to this action, MARIN suffered from Ulcerative Colitis, an inflammatory bowel disease which affected, *inter alia*, Plaintiff's pancreas, liver, and hemic

systems during MARIN's mployment with USA WIRELESS INC. between approximately November 2018 and February 2021.

42.    At all times material to this action, MARIN suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of Ulcerative Colitis, a physiological disorder or condition which affected (a) MARIN's digestive, gastroenterological, and bowel functions; and (b) the functioning of Plaintiff's colon and intestine.

43.    At all times material to this action, MARIN was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii), including but not necessarily limited to the operation of a major bodily function including the functions of MARIN's digestive, gastroenterological, and bowel functions and the functioning of Plaintiff's colon and intestine.

44.    Similarly, at all times material to this action, MARIN was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to: eating; working; standing; sleeping; and caring for oneself (including going to the bathroom).

45.    At all times material to this action, MARIN was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by USA WIRELESS INC. as a person with such impairments.

46.    At all times material to this action, MARIN had to endure substantial limitations as a result of Plaintiff's Ulcerative Colitis and related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because MARIN's medical condition(s) substantially

limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited to the functioning of MARIN's digestive, gastroenterological, and bowel functions and the functioning of Plaintiff's colon and intestine—as compared to most people in the general population.

47.     At all times material to this action, MARIN was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because MARIN's Ulcerative Colitis and related medical conditions constitute one or more actual physical impairments that substantially limit one or more of MARIN's major life activities.

48.     In addition, at all times material to this action, MARIN was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because MARIN was regarded by USA WIRELESS INC. as having a physical impairment that substantially limited one or more of his major life activities as a result of MARIN's Ulcerative Colitis and related medical condition(s).

49.     At all times material to this action, MARIN was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of his job as a Manager for USA WIRELESS INC. between approximately November 2018 and February 2021 with or without reasonable accommodation by Defendant.

50.     At all times material to this action, MARIN was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because MARIN possessed the requisite skill and experience to carry out his essential duties as a Manager for USA WIRELESS INC. between approximately November 2018 and February 2021, and MARIN likewise was capable of performing the essential functions of his job

between even between January 2021 and February 2021 despite MARIN's disability, with or without reasonable accommodation(s) by USA WIRELESS INC.

51.     Further, MARIN was also qualified for his job with USA WIRELESS INC. as Manager of Defendant's Pinecrest store within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of MARIN's Ulcerative Colitis and chronic medical condition because USA WIRELESS INC. could have and should have provided MARIN with reasonable accommodation(s).

52.     Between approximately November 2018 and February 2021, USA WIRELESS INC. subjected MARIN to disparate treatment, harassment, and discrimination in violation of 42 U.S.C. §12112 which was motivated by MARIN's disability and Defendant discriminated against MARIN because of his disability in violation of 42 U.S.C. §12112, including but not limited to: (a) Florez continually harassing MARIN because of his disability, the medical treatment MARIN needed for his disability, and the polarizing physical impact of MARIN's disability; (b) failing to provide a reasonable accommodation for Plaintiff's disability; and (c) USA WIRELESS INC. terminating MARIN's employment in February 2021 based upon false and/or pretextual grounds because of Plaintiff's actual or perceived disability.

53.     USA WIRELESS INC. terminated MARIN's employment in February 2021 because of MARIN's actual and/or perceived disability, in violation of 42 U.S.C. §12112(a).

54.     The reasons proffered and relied upon by USA WIRELESS INC. in February 2021 for terminating MARIN's employment were false and a pretext for discrimination against MARIN because of his disability in violation of 42 U.S.C. §12112(a).

55.    USA WIRELESS INC. knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against MARIN because of his disability so as to discourage, dissuade and/or otherwise dishearten MARIN.

56.    MARIN's actual and/or perceived disability was a motivating factor in USA WIRELESS INC.'s decision to terminate MARIN's employment in February 2021 as Manager of Defendant's Pinecrest store, in violation of 42 U.S.C. §12112.

57.    USA WIRELESS INC.'s violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to MARIN's rights guaranteed under the laws of the United States.

58.    MARIN has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of USA WIRELESS INC.'s violations of the ADA and ADAAA.

59.    MARIN has retained the undersigned counsel to represent him in this action and pursuant to 42 U.S.C. §12205, MARIN is entitled to recover his reasonable attorneys' fees and costs from USA WIRELESS INC.

WHEREFORE, Plaintiff, JUAN MARIN, demands judgment against Defendant, USA WIRELESS INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

<u>COUNT II</u>
<u>RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>

Plaintiff, JUAN MARIN, reasserts and reaffirms the allegations of Paragraphs 1 through 37 as if fully set forth herein and further states that this is an action against USA WIRELESS INC.,

for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended

through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

60.     The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a),

provides that: "No person shall discriminate against any individual because such individual has

opposed any act or practice made unlawful by this chapter or because such individual made a

charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing

under this chapter."

61.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall

"be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or

enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her

having aided or encouraged any other individual in the exercise or enjoyment of, any right granted

or protected by this chapter."

62.     At all times material to this action, MARIN was an "employee" of USA

WIRELESS INC. within the meaning of the ADAAA, 42 U.S.C. §12111(4).

63.     At all times material to this action, USA WIRELESS INC. was an "employer" of

MARIN within the meaning of the ADAAA, 42 U.S.C. §12111(5), because Defendant was a

business engaged in interstate commerce and had Fifteen (15) or more employees in each of

Twenty (20) or more calendar weeks in the current or preceding year.

64.     At all times material to this action, MARIN was an individual with a "disability"

as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered one or

more physical impairments that substantially limited one or more major life activities; (b) had a

record of such impairments; and/or (c) was regarded by USA WIRELESS INC. as a person with

such impairments.

65.     MARIN was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of his job as a Manager for USA WIRELESS INC. between approximately November 2018 and February 2021 with or without reasonable accommodation.

66.     MARIN engaged in statutorily protected activity under the ADA and ADAAA on multiple occasions between approximately November 2018 and February 2021 by, *inter alia*, MARIN exercising or attempting to exercise or enjoy his rights under the ADA, including but not limited to: (a) MARIN seeking and obtaining medical treatment of his Ulcerative Colitis and related medical conditions; (b) MARIN changing his work schedule to try and serve the business needs of USA WIRELESS INC.; (c) MARIN taking time off from his employment with USA WIRELESS INC. in January 2021 to receive emergency medical treatment and undergo life-saving surgery because of his disability; (d) MARIN repeatedly objecting to Florez to oppose Florez's disability harassment and discrimination against Plaintiff; (e) MARIN complaining to Awada in late January 2021 about the disability discrimination Plaintiff was being subjected to; and (f) MARIN complaining about and objecting in February 2021 to Uweyda to oppose Defendant's disparate treatment, discrimination, and retaliation against Plaintiff because of Plaintiff's disability.

67.     USA WIRELESS INC. subjected MARIN to adverse employment actions including but not necessarily limited to Defendant terminating Plaintiff's employment in February 2021 as Manager of Defendant's Pinecrest store based upon discriminatory and/or pretextual grounds because of Plaintiff's disability and Plaintiff's good faith objections to Defendant's

management about discrimination because of an actual or perceived disability, all because MARIN engaged in statutorily protected activity under the ADA and ADAAA.

68.     USA WIRELESS INC.'s retaliatory actions against MARIN constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of him having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

69.     USA WIRELESS INC.'s termination of MARIN's employment as Manager of Defendant's Pinecrest store in February 2021 was unlawful retaliation in violation of 42 U.S.C. §12203 because of Plaintiff exercising his right to medical treatment for his disability and Plaintiff's good faith objections to and complaints about USA WIRELESS INC.'s disparate treatment and disability discrimination against Plaintiff, in violation of the ADA.

70.     The fact that MARIN engaged in activity protected by the ADA was a motivating factor in USA WIRELESS INC.'s termination of Plaintiff's employment in February 2021, in violation of 42 U.S.C. §12203.

71.     The reasons proffered and relied upon by USA WIRELESS INC. in February 2021 for terminating MARIN's employment were a pretext for unlawful retaliation against MARIN in violation of 42 U.S.C. §12203.

72.     As a direct and proximate result of USA WIRELESS INC.'s unlawful retaliation against MARIN in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

73.     USA WIRELESS INC.'s actions have caused MARIN to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74.     USA WIRELESS INC.'s actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, MARIN's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

75.     Pursuant to 42 U.S.C. §12205, MARIN is entitled to recover his reasonable attorneys' fees and costs from USA WIRELESS INC. as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, JUAN MARIN, demands judgment against Defendant, USA WIRELESS INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

**COUNT III**
**VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT,**
**F.S. §760.10  - DISCRIMINATION BASED ON HANDICAP**

Plaintiff, JUAN MARIN, reasserts and reaffirms the allegations set forth in paragraphs 1 through 37 above and further states that this is an action against USA WIRELESS INC., for age and handicap discrimination in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

76.     Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges

of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

77.     At all times material to this action, MARIN  was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

78.     At all times material to this action, MARIN was an employee of USA WIRELESS INC. within the meaning of F.S. §760.10(1)(a).

79.     At all times material to this action, USA WIRELESS INC. was an "employer" of MARIN within the meaning of the FCRA, F.S. §760.02(7), because Defendant was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

80.     USA WIRELESS INC. knowingly and willfully discriminated against MARIN because of Plaintiff's handicap, Ulcerative Colitis, on one or more occasions between approximately November 2018 and February 2021 culminating in Defendant terminating Plaintiff's employment as Manager of the Pinecrest store in February 2021 because of MARIN's handicap, in violation of F.S. §760.10(1).

81.     Furthermore, despite the facts that MARIN satisfactorily performed his essential duties as a Manager for USA WIRELESS INC. and that Plaintiff was still qualified to serve as Manager of Defendant's Pinecrest store in February 2021, Defendant unlawfully terminated MARIN in February 2021 because of Plaintiff's handicap, in violation of F.S. §760.10(1).

82.     At all times material to this action, MARIN suffered from a chronic and/or permanent medical condition as a result of Ulcerative Colitis and related medical condition(s), which condition(s) constitute an actual or perceived "handicap" within the meaning of the FCRA, as MARIN's condition was chronic and involved physical problems including but not necessarily

limited to the functioning of MARIN's digestive, gastroenterological, and bowel functions and the functioning of Plaintiff's colon and intestine.

83.      At all times material to this action, MARIN was a qualified individual with a handicap within the meaning of the FCRA because MARIN  possessed the requisite skill and experience to carry out his duties as Manager of USA WIRELESS INC.'s Pinecrest store and MARIN likewise was capable of performing the essential functions of his job despite Plaintiff's handicap, with or without reasonable accommodation(s) by USA WIRELESS INC.

84.      Further, at all times material to this action MARIN was also qualified for his job as a Manager for USA WIRELESS INC. within the meaning of the FCRA even in the face of the impact of MARIN's handicap because USA WIRELESS INC. could and should have provided MARIN with reasonable accommodation(s).

85.      Between approximately November 2018 and February 2021, USA WIRELESS INC. subjected MARIN  to disparate treatment, harassment, and discrimination which was motivated by and was because of MARIN's handicap, in violation of F.S. §760.10(1)(a), by *inter alia*: (a) Florez continually harassing MARIN because of his handicap, the medical treatment MARIN needed for his handicap, and the polarizing physical impact of MARIN's handicap; (b) failing to provide a reasonable accommodation for Plaintiff's handicap; and (c) USA WIRELESS INC. terminating MARIN's employment in February 2021 based upon false and/or pretextual grounds because of Plaintiff's actual or perceived handicap, all in violation of the FCRA.

86.      USA WIRELESS INC. knowingly and willfully engaged in conduct prohibited by the Florida Civil Rights Act against MARIN because of Plaintiff's handicap so as to discourage, dissuade and/or otherwise dishearten MARIN.

87.     When USA WIRELESS INC. terminated MARIN's employment as Manager of Defendant's Pinecrest store in February 2021, a motivating factor behind Defendant's termination of Plaintiff's employment was MARIN's handicap, in violation of F.S. §760.10(1)(a) & (b).

88.     The reasons proffered and relied upon by USA WIRELESS INC. in February 2021 for terminating MARIN's employment as Manager of Defendant's Pinecrest store were false and a pretext for discrimination against MARIN because of his handicap in violation of F.S. §760.10(1).

89.     USA WIRELESS INC.'s violations of MARIN's rights under F.S. §760.10 were intentional and were done with malice and reckless disregard for MARIN's rights as guaranteed under the laws of the State of Florida, such that MARIN is entitled to punitive damages from USA WIRELESS INC. pursuant to F.S. §760.11(5).

90.     Pursuant to F.S. §760.11(5), MARIN is entitled to recover his reasonable attorneys' fees and costs from USA WIRELESS INC. as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, JUAN MARIN demands judgment against Defendant, USA WIRELESS INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, JUAN MARIN, reasserts and reaffirms the allegations set forth in paragraphs 1 through 37 above and further states that this is an action against USA WIRELESS INC., for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

91.     Pursuant to the Florida Civil Rights Act (FCRA), F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

92.     At all times material to this action, MARIN  was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

93.     At all times material to this action, MARIN was an employee of USA WIRELESS INC. within the meaning of F.S. §760.10(1)(a).

94.     At all times material to this action, USA WIRELESS INC. was an "employer" of MARIN within the meaning of the FCRA, F.S. §760.02(7), because Defendant was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

95.     MARIN engaged in statutorily protected activity under the Florida Civil Rights Act on multiple occasions between approximately November 2018 and February 2021 by, *inter alia*, MARIN exercising or attempting to exercise or enjoy his rights under the ADA, including but not limited to: (a) MARIN seeking and obtaining medical treatment of his Ulcerative Colitis and related medical conditions; (b) MARIN changing his work schedule to try and serve the business needs of USA WIRELESS INC.; (c) MARIN taking time off from his employment with USA WIRELESS INC. in January 2021 to receive emergency medical treatment and undergo life-saving surgery because of his disability; (d) MARIN repeatedly objecting to Florez to oppose Florez's disability harassment and discrimination against Plaintiff; (e) MARIN complaining to Awada in late January 2021 about the disability discrimination Plaintiff was being subjected to; and (f)

MARIN complaining about and objecting in February 2021 to Uweyda to oppose Defendant's disparate treatment, discrimination, and retaliation against Plaintiff because of Plaintiff's disability.

96.     USA WIRELESS INC. subjected MARIN to adverse employment actions including but not necessarily limited to Defendant terminating Plaintiff's employment in February 2021 as Manager of Defendant's Pinecrest store based upon discriminatory and/or pretextual grounds because of Plaintiff's handicap and Plaintiff's good faith objections to Defendant's management about discrimination because of an actual or perceived handicap, all in violation of F.S. §760.10(7).

97.     USA WIRELESS INC.'s termination of MARIN's employment in February 2021 was unlawful retaliation in violation of the Florida Civil Rights Act because of Plaintiff's good faith complaints about and objections to USA WIRELESS INC.'s disparate treatment and discrimination against MARIN because of an actual or perceived handicap, in violation of F.S. §760.10(7).

98.     USA WIRELESS INC.'s unlawful retaliation against MARIN was sufficiently severe and pervasive to alter the terms, conditions, and privileges of MARIN's employment with USA WIRELESS INC. culminating with Defendant's termination of MARIN's employment in February 2021, in violation of F.S. §760.10(7).

99.     The fact that MARIN engaged in activity protected by the FCRA was a motivating factor in USA WIRELESS INC.'s termination of Plaintiff's employment in February 2021, in violation of F.S. §760.10(7).

100.    The reasons proffered and relied upon by USA WIRELESS INC. in February 2021 for terminating MARIN's employment were a pretext for unlawful retaliation against MARIN in violation of F.S. §760.10(7).

101.    USA WIRELESS INC.'s violations of MARIN's rights under F.S. §760.10 were intentional and were done with malice and reckless disregard for MARIN's rights as guaranteed under the laws of the State of Florida, such that MARIN is entitled to punitive damages from USA WIRELESS INC. pursuant to F.S. §760.11(5).

102.    MARIN has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of USA WIRELESS INC.'s violations of F.S. §760.10(7).

103.    Pursuant to F.S. §760.11(5), MARIN is entitled to recover his reasonable attorneys' fees and costs from USA WIRELESS INC. as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, JUAN MARIN demands judgment against Defendant, USA WIRELESS INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

**COUNT V**
**INTERFERENCE IN VIOLATION OF THE FAMILY AND  MEDICAL LEAVE ACT**

Plaintiff, JUAN MARIN, reasserts and reaffirms the allegations of Paragraphs 1 through 37 and further states that this is an action against USA WIRELESS INC. for Interference in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

104.    The FMLA, 29 U.S.C. §2615(a)(1), provides that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under 29 U.S.C. §2611, *et seq*.

105.     Under the FMLA, when the timing of an employee's need for FMLA leave is not foreseeable, an employee is only required provide notice to his employer "as soon as practicable under the facts and circumstances of the particular case."  29 CFR §825.303(a).

106.     Similarly, where an emergency condition requires leave because of an FMLA-qualifying reason, written advance notice pursuant to an employer's standard rules and procedures is not required when medical leave is involved.  29 CFR §825.303(c).

107.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately January 2019 and February 2021, MARIN provided Defendant, USA WIRELESS INC., with sufficient facts and notice of Plaintiff's need for medical leave due to Plaintiff's serious health condition(s), namely Ulcerative Colitis and ongoing medical treatment of Plaintiff's inflammatory bowel disease, hospitalizations, and culminating with surgery in January 2021.

108.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately January 2019 and February 2021, MARIN exercised, and/or attempted to exercise, rights guaranteed under and protected by the FMLA, 29 U.S.C. §§2612(a)(1)(D), while in the course of his employment with Defendant, USA WIRELESS INC.

109.     MARIN's Ulcerative Colitis and  related medical conditions constitute one or more "serious health conditions" within the meaning of the FMLA, 29 U.S.C. §2612(a)(1)(D).

110.     By exercising and/or attempting to exercise MARIN's rights under the FMLA on multiple occasions during the FMLA's three (3) year statute of limitations period between approximately January 2019 and February 2021 during the course of Plaintiff's employment with USA WIRELESS INC., including but not necessarily limited to MARIN's right to medical leave under the FMLA from his employment with Defendant, MARIN engaged in activity protected by

the FMLA, 29 U.S.C. §2611 *et seq.*, triggering the protections of the FMLA, specifically including but not limited to MARIN's rights pursuant to:  (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave on an intermittent or other basis in 2019, 2020, and 2021 because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to his position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon his return from leave in January 2021.

111.    On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately January 2019 and February 2021, Defendant, USA WIRELESS INC., repeatedly interfered with MARIN's right to take medical leave under the FMLA for one or more serious health conditions when Defendant had knowledge of MARIN's exercise and/or attempted exercise of rights guaranteed under and protected by the FMLA, in violation of  29 U.S.C. 2615(a)(1).

112.    Moreover, Defendant, USA WIRELESS INC., disregarded its obligations as an employer under the FMLA by, *inter alia*, failing to inform MARIN that his medically-related absences between approximately January 2019 and January 2021 were, or may have been, for an FMLA-qualifying reason, in violation of 29 C.F.R. §825.300(b), which regulation requires that when an employee requests FMLA leave, or when an employer acquires knowledge that an employee's leave may be for an FMLA qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five (5) business days, including providing the employee with a formal notice indicating, *inter alia*, whether the employee is eligible for FMLA leave as defined by the law.

113.    In February 2021, Defendant, USA WIRELESS INC., interfered with MARIN's rights under the FMLA when Defendant unlawfully terminated MARIN's employment in violation

of 29 U.S.C. §2612(a)(1)(D) for reasons which were discriminatory and pretextual and at a point when MARIN had not exhausted twelve (12) workweeks of medical leave which MARIN was entitled to under the FMLA because of his "serious health condition(s)."

114.     Defendant, USA WIRELESS INC.'s, violations of MARIN's rights under the FMLA were willful, intentional, and not done in good faith.

115.     As a result of USA WIRELESS INC.'s violations of MARIN's rights protected by the FMLA, MARIN has suffered damages including but not necessarily limited to unpaid wages, lost wages, and other employment benefits.

116.     Pursuant to 29 U.S.C. §2617(a)(1)(iii), MARIN is entitled to an award of liquidated damages from Defendant, USA WIRELESS INC., equal to the sum of the amount of all salary, commissions, wages, bonuses, employment benefits, and other compensation denied to or lost by MARIN by reason of USA WIRELESS INC.'s violations of 29 U.S.C. §2615(a)(1).

117.     Pursuant to 29 U.S.C. §2617(a)(3), MARIN is entitled to all reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action to be paid by Defendant, USA WIRELESS INC.

WHEREFORE, Plaintiff, JUAN MARIN, demands judgment against Defendant, USA WIRELESS INC., for back pay, employment benefits, other compensation including commissions and bonuses, liquidated damages, equitable relief including but not limited to front pay, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FAMILY AND  MEDICAL LEAVE ACT

Plaintiff, JUAN MARIN, reasserts and reaffirms the allegations of Paragraphs 1 through 37 and further states that this is an action against USA WIRELESS INC. for Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

118.     The FMLA, 29 U.S.C. §2601 *et seq*., prohibits an employer from retaliating against an eligible employee who has (a) obtained and/or attempted to obtain the benefits and protections of the FMLA; or (b) otherwise triggered the protections of, or engaged in activity protected by, the FMLA.

119.     In addition, the FMLA, 29 U.S.C. §2615, prohibits an employer from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the Act.

120.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately January 2019 and February 2021, MARIN exercised, and/or attempted to exercise, his rights under the FMLA in accordance with 29 U.S.C. §§2612(a)(1)(C), in connection with Plaintiff's serious health condition, Ulcerative Colitis.

121.     By exercising and/or attempting to exercise his rights under the FMLA on multiple occasions during the FMLA's three (3) year statute of limitations period between approximately January 2019 and February 2021 during his employment with USA WIRELESS INC., including but not necessarily limited to MARIN's right to medical leave under the FMLA, MARIN engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq*., triggering the protections of the FMLA, specifically including but not limited to MARIN's rights pursuant to:  (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave on an intermittent or other basis in 2019, 2020, and 2021 because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to his position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon his return from leave in January 2021.

122.    Multiple members of management of Defendant, USA WIRELESS INC., received notice about and had knowledge between approximately January 2019 and February 2021 of MARIN's "serious health condition(s)" under the FMLA.

123.    Defendant, USA WIRELESS INC., wase fully aware and/or should have been aware between approximately January 2019 and February 2021 of Defendant's legal obligations as an employer covered by the FMLA.

124.    At all times material to this action, MARIN satisfactorily performed his essential job duties as a Manager for USA WIRELESS INC. at Defendant's Pinecrest store.

125.    In February 2021, USA WIRLESS INC. retaliated against MARIN and unlawfully terminated Plaintiff's employment in violation of 29 U.S.C. §2615(a)(1) when Defendant fired MARIN for one or more reasons which were false and/or pretextual and instead was actually because of Plaintiff's need for FMLA leave and/or his exercise of his right to leave under the FMLA.

126.    A motivating factor behind Defendant, USA WIRELESS INC.'s, decision to terminate MARIN's employment in February 2021 was retaliation against MARIN because Plaintiff:  (a) needed and sought time off from work on one or more days on multiple occasions in 2018, 2019, 2020, for several weeks during January 2021 for FMLA-qualifying reasons; and (b) Defendant's knowledge that MARIN sought and/or triggered the protections of the FMLA, including the benefits and protections associated with leave and job reinstatement guaranteed by the FMLA, all in violation of 29 U.S.C. §2615(a)(1).

127.    The reasons proffered and relied upon by Defendant, USA WIRELESS INC., in February 2021 for terminating MARIN's employment were false and were known to be false by

Defendant at the time of MARIN's termination and instead was a pretext for Defendant's intentional violations of MARIN's rights under the FMLA.

128.    By subjecting MARIN to retaliation and terminating MARIN's employment in February 2021 because Plaintiff exercised and/or attempted to exercise his rights under the FMLA, as guaranteed by, *inter alia*, 29 U.S.C. §2612(a)(1)(C), Defendant intentionally retaliated against MARIN in violation of the FMLA.

129.    Defendant, USA WIRELESS INC.'s, violations of MARIN's rights under the FMLA were willful, intentional and not done in good faith.

130.    As a result of Defendant, USA WIRELESS INC.'s, violations of MARIN's rights protected by the FMLA, Plaintiff has suffered damages including but not necessarily limited to unpaid wages and lost employment benefits.

131.    Pursuant to 29 U.S.C. §2617(a)(1)(iii), MARIN is entitled to an award of liquidated damages from Defendant, USA WIRELESS INC., equal to the sum of the amount of all wages, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendant's violations of 29 U.S.C. §2615(a)(1).

132.    Pursuant to 29 U.S.C. §2617(a)(3), MARIN is entitled to all reasonable attorneys' fees, expert witness fees, and other costs of the action to be paid by Defendant, USA WIRELESS INC.

WHEREFORE, Plaintiff, JUAN MARIN, demands judgment against Defendant, USA WIRELESS INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, liquidated damages, equitable relief including but not limited to reinstatement and/or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## **<u>JURY TRIAL DEMAND</u>**

JUAN MARIN demands trial by jury on all issues so triable.


Dated:  January 22, 2022                      Respectfully submitted,


                                   By:    **<u>KEITH M. STERN</u>**
                                          Keith M. Stern, Esquire
                                          Florida Bar No. 321000
                                          E-mail:  employlaw@keithstern.com
                                          LAW OFFICE OF KEITH M. STERN, P.A.
                                          80 S.W. 8th Street, Suite 2000
                                          Miami, Florida 33130
                                          Telephone:  (305) 901-1379
                                          Fax:  (561) 288-9031
                                          Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 510-2021-03512 |

| Florida Commission on Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Juan Marin | ▮▮▮▮▮ | ▮▮▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮ | ▮▮▮▮▮▮ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| USA Wireless Inc. | 150+ | (305) 670-5252 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8925 SW 148th Street, Suite 110 | Palmetto Bay, Florida  33176 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest          Latest
                  Feb 15, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

    In approximately March 2017, I began working for Respondent as a Salesperson and I was subsequently promoted as a Manager in Respondent's AT&T Wireless store(s). Throughout my employment with Respondent, I suffered from Ulcerative Colitis (UC), an inflammatory bowel disease. In this regard, since approximately November 2018, I was in treatment for my disease in a Gastroenterology program at Jackson Hospital, as part of which numerous prescription medications were utilized to try and manage my UC. However, because these medications were unsuccessful at controlling my UC, in early January 2021, I underwent surgery to remove my colon. In addition, I had to await two additional surgeries to close my temporary ileostomy.

    Every month between approximately November 2018 and January 2021, I had to undergo medical check-ups with my doctor for my UC treatments, as a result of which I had to request permission from Respondent to be absent from work for a few hours on some Fridays of the month because I had both review laboratory results with my doctor and for a period of time between approximately January 2020 and October 2020, I also received infusions of Remicade to treat my UC.  Significantly, the Remicade did not work and caused reactions in my body, which led to my changing my day off to try and accommodate serving Respondent's business needs in the Pinecrest store. However, my District Manager, Ricardo Mario Florez, did not like that I needed to regularly ask for time off from work for the medical treatments for my disability and it created more stress during my doctors' appointments because Mr. Florez frequently harassed me because of my disability and often called me during my appointments, asking why I had not yet arrived at the Pinecrest store, including Mr. Florez routinely yelling at me for not being at work--which harassment I objected to and told Mr. Florez was inappropriate and offensive. This harassment got so bad that my Gastroenterologist eventually provided Respondent directly with an explanation of the severity and seriousness of my disease and to document why I had to be so regularly checked by a doctor. It seemed that Mr. Florez had not believed I had a serious disease, and I tried to change my rest days when I had doctors' appointments in an effort to alleviate the

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 04/07/2021 _____  *Date*   ~~~~ *Juan Camilo Marín (Apr 7, 2021 16:49 EDT)* *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC-MDO
Received 04/08/2021

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| Florida Commission on Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

stress I was experiencing because more stress exacerbated my disease and resulting medical condition and put me at risk for hospitalization.  Overall during my employment with Respondent, I was hospitalized on a total of three (3) separation occasions, two (2) of which were due to recurrences of my UC and the last of which was for emergency surgery.

   Between approximately January 7-28, 2021, I was out out work because of surgery for my disability. When I returned to work in late January 2021 from surgery, I called Mr. Florez and he advised me that Respondent would no longer allow me to continue to serve as a Manager because Mr. Florez believes I was not suitable to handle the responsibility of being the Manager of the Pinecrest store--despite the fact that I satisfactorily performed my essential duties as Manager of the Pinecrest store for two (2) years. Moreover, Mr. Florez openly told me that he wondered if my bag that covers my stoma because of my disability was visible to Respondent's customers. Instead, Mr. Florez told me that Respondent would only consider placing me in a role that entailed substantially lower earnings and I expressly objected to Mr. Florez's discrimination against me because of my disability. In late January 2021, I also called Respondent's General Manager, Mike Awada, to complain about what I believed was disability discrimination against me. However, Mr. Awada was already fully aware of all of the action Respondent was taking against me and on or around February 2, 2021, a meeting was held with Respondent's owner, Aous Uweyda, Mr. Florez, Samir Mabjish, a Manager from another one of Respondent's districts, and myself. Ultimately, because I continued to object to and complain about what I believed was discrimination against me because of my disability, Mr. Uweyda became frustrated and angry during this meeting going so far as threatening to terminate my employment in retaliation for me exercising my rights.

   On February 15, 2021, I learned Respondent had terminated my employment. Finally, Respondent failed to pay me earned commissions for sales from the month of December 2020 when I'd pushed myself to work so much that I was ultimately hospitalized in early January 2021.  I believe Respondent failed to accommodate one or more actual or perceived disabilties/handicaps and Respondent subjected me to disparate treatment, discrimination, and retaliation based upon one or more actual or perceived disabilities/handicaps in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 04/07/2021     *Juan Camilo Marin (Apr 7, 2021 16:49 EDT)*<br>_____   _____<br>Date                         *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC-MDO
Received 04/08/2021

# Marin Juan EEOC Charge FINAL REV 4-7-21 for Execution

**Final Audit Report**                                            2021-04-07

| | |
|---|---|
| Created: | 2021-04-07 |
| By: | Keith Stern (employlaw@keithstern.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAu199OMZvy_FHjuLlRb7iQBl31GtWHclf |

## "Marin Juan EEOC Charge FINAL REV 4-7-21 for Execution" History

🔴 Document created by Keith Stern (employlaw@keithstern.com)
2021-04-07 - 8:37:26 PM GMT- IP address: 71.206.88.3

📧 Document emailed to Juan Camilo Marín (juanmarin0313@gmail.com) for signature
2021-04-07 - 8:38:33 PM GMT

🔴 Email viewed by Juan Camilo Marín (juanmarin0313@gmail.com)
2021-04-07 - 8:48:28 PM GMT- IP address: 66.249.80.7

✒️ Document e-signed by Juan Camilo Marín (juanmarin0313@gmail.com)
Signature Date: 2021-04-07 - 8:49:45 PM GMT - Time Source: server- IP address: 23.116.72.194

✅ Agreement completed.
2021-04-07 - 8:49:45 PM GMT

**Adobe Sign**

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Juan Marin** | From: | **Miami District Office** |
|---|---|---|---|
| | ███████████ | | **Miami Tower, 100 S E 2nd Street** |
| | | | **Suite 1500** |
| | | | **Miami, FL 33131** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2021-03512** | **Erline Jocelyn,** **Investigator** | **(786) 648-5800** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Christopher Bashaw*                                     11/8/2021

Enclosures(s)                              FOR   **Paul V. Valenti,**                       *(Date Issued)*
                                                          **District Director**

cc:
| **Respondent's Representative** | **Charging Party's Representative** |
|---|---|
| USA WIRELESS, INC. | Keith M. Stern, Esq. |
| c/o Adis Riveron, Esq. | LAW OFFICE OF KEITH M. STERN, P.A. |
| Adis L. Riveron, P.A. | 80 S.W 8th Street |
| 6800 SW 40th Street | Suite 2000 |
| No. 360 | Miami, FL 33130 |
| Miami, FL 33155 | |

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you **receive** this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope and record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.   Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.